OPINION.
Trammell:
From the foregoing stipulated facts, it appears that at the time the waiver or consent was executed, the determination and assessment of the taxes in question were barred by the statute of limitations, and that the respondent thereafter determined the *986 deficiency for the calendar year 1918 within the period provided in said waiver or consent. It further appears that no assessment of said taxes was made prior to the enactment of the Revenue Act of 1924, and that on the effective date of that act the period within which assessment might be made had not expired. Under similar facts, in Joy Floral Co. v. Commissioner, 7 B. T. A. 800, we held that, notwithstanding the statute had run on any assessment of the tax at the time the consent was executed, the tax might be assessed within the period provided in such consent. We also held further that where no assessment of the tax was made before the enactment of the Revenue Act of 1924, and the period within which assessment might be made had not then expired, the tax might be collected within six years after assessment. On authority of that decision, we hold that neither assessment nor collection of the taxes here involved is barred by limitations. Accordingly, the petitioner’s plea of limitations in bar of the deficiency asserted for the calendar year 1918 must be and is denied.

An order will he entered denying petitioner'’s plea of limitations im, hair of the deficiency asserted for the calendar year 1918, and this proceeding will he restored to the General Gcdendair for fu/rther hearing in due cowrse.

Considered by MoeRts, Murdock, and SiefkiN.